## IN THE OREGON TAX COURT

Daniel M. WARREN
and Pamela C. Warren

*v.*

## DEPARTMENT OF REVENUE

(TC 3326)

Plaintiff appeared *pro se.*

James J. McLaughlin, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered November 18, 1993.

**CARL N. BYERS, Judge.**

Plaintiffs, Washington residents earning a portion of their income in Oregon, appeal from the assessment of additional income taxes for 1989. Defendant assessed the taxes on the ground that the income in question was severance pay attributable in part to Oregon.

David Warren (plaintiff) was a senior vice president and employee of Meier & Frank, a chain of retail stores which is a division of May Department Stores Company (May Company), a New York corporation. Within a short period of time after a new chief executive officer was appointed for Meier &

Frank, plaintiff realized he could not continue in his position. Due to different personalities, management styles, lack of communication and other reasons, plaintiff decided he had to leave. Plaintiff announced his decision to resign on November 18, 1988. He negotiated a written agreement, which plaintiff signed December 8, 1988, and May Company signed December 19, 1988.

The agreement is not between plaintiff and Meier & Frank but between plaintiff and May Company. Paragraph 1 of the agreement provides:

"Executive hereby resigns as an officer of the Meier & Frank division of May effective as of November 18, 1988. Executive *shall continue as an employee of May* to the earlier of (i) such date as Executive shall commence full time employment with another employer or (ii) May 20, 1989. The earlier of such dates is referred to as the 'Resignation Date'. Executive hereby *resigns* as an employee of the Meier & Frank division of May *effective as of the Resignation Date*." (Emphasis added.)

The agreement further provides that plaintiff will continue to receive his monthly salary and all other fringe benefits, except awards under the performance incentive plan, through the resignation date. If plaintiff commenced full-time employment with another employer prior to May 20, 1989, then plaintiff was entitled to severance pay for the period from the resignation date to May 20, 1989, payable in a lump sum. In addition to all of the other amounts payable, plaintiff was entitled to receive $10,000 in one lump sum on his resignation date.

If plaintiff died before the resignation date, May Company was obligated to make no further payments under the agreement (*i.e.*, no more salary, no severance pay, and no $10,000), but plaintiff's beneficiaries would receive the life insurance May Company provided.

ORS 316.127 defines a nonresident's source of income within the state. If a nonresident carries on a trade, business or professional occupation partly within and partly without the state, then the income earned is to be apportioned and allocated under ORS 314.605 to 314.670. The administrative rule implementing the statute states:

"The gross income of all other nonresident employees, including corporate officers, includes that portion of the total compensation for services which the total number of actual working days employed within the state bears to the total number of actual working days employed both within and without the state during the taxable period." OAR 150-316.127-(A)(2)(b).

■     Defendant contends that the payments received by plaintiff from January 1, 1989, through May 20, 1989, were severance pay, a portion of which is allocable to Oregon based on plaintiff's past service in Oregon. However, by the terms of the agreement, plaintiff did not receive severance pay. Plaintiff's employment did not terminate on November 18, 1988. The agreement expressly provides that "executive shall continue as an employee of May." Also, because plaintiff did not commence full-time employment with another employer before May 20, 1989, that date became the resignation date. Under the terms of the agreement, no severance pay was due.

■     The court finds plaintiff continued as an employee but without any specific duties. It is undisputed that plaintiff performed no services for either Meier & Frank or May Company during the period involved. As a consequence, there were no "actual working days" in Oregon "during the taxable period."

Defendant's Opinion and Order No. 91-1656 must be set aside and plaintiffs are entitled to a refund. Plaintiffs to recover their costs and disbursements.